13-3322
Ali v. Holder

BIA
Lamb, IJ
A088 015 332

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fifteen.

PRESENT:
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        *Circuit Judges*.

_____

MOHAMMED NOOR ALI,
        *Petitioner*,

        v.                               13-3322
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:           Stuart F. Delery, Assistant Attorney General; Stephen
                          J. Flynn, Assistant Director; James A Hurley,
                          Attorney, Office of Immigration Litigation, Civil
                          Division, United States Department of Justice,
                          Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of

Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the petition for review is **GRANTED**, the BIA's decision is

**VACATED**, and the case is **REMANDED** for further proceedings.

Mohammed Noor Ali, a native and citizen of Bangladesh, seeks review of a July

26, 2013 decision of the BIA dismissing his appeal from an Immigration Judge's ("IJ")

January 20, 2012 decision, which pretermitted his asylum application and denied

withholding of removal and relief under the Convention Against Torture ("CAT"). In re

Mohammed Noor Ali, No. A088 015 332 (B.I.A. July 26, 2013), aff'g No. A088 015 332

(Immig. Ct. N.Y. City Jan. 20, 2012). We assume the parties' familiarity with the

underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the

IJ and the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). The

applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B);

Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Ali's, governed by the REAL ID Act of 2005, the agency

may, "[c]onsidering the totality of the circumstances," base a credibility finding on

inconsistencies in an applicant's statements, "without regard to whether" they go "to the

2

heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); <u>Xiu Xia Lin v. Mukasey</u>, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." <u>Id</u>. at 167. We need not defer, however, to a credibility determination that is rooted in misstatements of the record.  <u>Li Zu Guan v. INS</u>, 453 F.3d 129, 139-40 (2d Cir. 2006).

Here, the IJ found Ali to be incredible based on asserted inconsistencies within his testimony and between his testimony and the documentary evidence regarding when Ali entered the United States and whether he was in Bangladesh in December 2007.

The IJ's finding of an inconsistency regarding Ali's date of entry to the United States is supported by the record.  Ali first claimed to have entered the United States on January 13, 2004. He later testified that he entered the United States on January 13, 2005, and later again changed the date of entry to April 13, 2005.  On appeal, Ali attributes this inconsistency to "memory problems" and contends it is "a minor quibble that does not go to the heart of the asylum claim."  Pet. Br. at 18.  That explanation is unavailing, as the IJ was not required to credit it, and the IJ may base a credibility finding on inconsistencies that do not go to the heart of the claim.  8 U.S.C. § 1158(b)(1)(B)(iii); <u>Xiu Xia Lin</u>, 534 F.3d at 167.

The IJ also relied on an asserted inconsistency between Ali's testimony that he was in the United States in December 2007 and documents Ali submitted indicating that charges were lodged against him in Bangladesh stemming from a December 4, 2007

3

protest there. These documents included a police report stating that witnesses had identified Ali as one of the protestors that had attacked police. However, Ali testified that he was in the United States on the date of that protest, and explained that the charges were fabricated and were submitted as evidence not for their truth, but to show that the government of Bangladesh sought to persecute him through false charges. The IJ rejected this explanation, stating "I do not understand if [Ali] tells me that they are just accusing him even when he is in the United States because these documents, to my reading, place him in Bangladesh in 2007." No. A088 015 332, at *5-6 (Immig. Ct. N.Y. City Jan. 20, 2012). The court concluded that "there seem[ ] to be records from 2007 [that] place him in Bangladesh which would be impossible that he would be arrested in 2007 in Bangladesh because 2007 is after either 2004 or 2005 so he was here. . . . [S]o I do not find him to be [a] credible witness on when he entered the United States." Id. at *6.

The IJ's finding that Ali had been inconsistent and was therefore not credible based on police reports suggesting that he was in Bangladesh on December 4, 2007 is not supported by the record. Ali consistently maintained that he was in the United States on that date and that the charges were fabricated. More importantly, the record includes an Immigration and Naturalization Services document dated December 4, 2007 stating that Ali was then "[c]urrently detained" at a facility in Texas. CAR at 446. Since official U.S. government records confirm that Ali was detained in the United States in December 2007, and was therefore not in Bangladesh, the discrepancies may cast doubt on the

4

authenticity or accuracy of the police reports, but not on Ali's testimony that he was not in Bangladesh at the time of the crimes charged in the reports.

Despite this error, we may affirm an adverse credibility finding if "we can state with confidence that the IJ would adhere to his decision if we were to remand." Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 158 (2d Cir. 2006). We have no such confidence here, however, given that "the erroneous aspect[] of the IJ's reasoning [is] not tangential to the findings she made and that the evidence supporting her findings is not so overwhelming that it is clear she would reach the same results on remand." Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 406 (2d Cir. 2005). We cannot say that the unsupported grounds for the IJ's adverse credibility determination are inconsequential in comparison to her supported grounds. Rather, the IJ's explanation of her credibility finding indicates that the 2007 reports were a central consideration. The reports assume additional significance because the IJ contrasted them with the absence of documentary evidence supporting Ali's claim that he was arrested and abused in 2003. Thus, the IJ's misapprehension of the record may have unduly undermined Ali's claim of previous persecution.

Ultimately, the factfinding is for the agency, so when we find an IJ's factfinding deficient, we will ordinarily "remand to the agency for additional explanation or investigation" rather than substitute our own judgment. Twum v. INS, 411 F.3d 54, 61 (2d Cir. 2005). Accordingly, the BIA's decision is vacated and the case is remanded to

5

allow the agency to reassess its findings, including its credibility determination, based on an accurate reading of the record.

Lastly, we lack jurisdiction to review the agency's pretermission of asylum or the denial of CAT relief because Ali did not contest the denial of either category of relief before the BIA.  See Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir. 2006) (petitioners must first challenge the denial of categories of relief before the BIA as a matter of statutory exhaustion).  Accordingly, our grant of Ali's petition relates only to his claim for withholding of removal.

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6