Ali v. Garland

BIA
Bither, IJ
A088 015 332

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

MOHAMMED NOOR ALI,
> *Petitioner,*

v.                                                    20-2727
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Khagendra Gharti-Chhetry, Esq., New York, NY.

FOR RESPONDENT:              Brian M. Boynton, Acting Assistant Attorney General; Anna E. Juarez,

Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammed Noor Ali, a native and citizen of Bangladesh, seeks review of a July 20, 2020, decision of the BIA affirming an April 25, 2018, decision of an Immigration Judge ("IJ") denying his claim of withholding of removal.[1] *In re Mohammed Noor Ali,* No. A 088 015 332 (B.I.A. July 20, 2020), *aff'g* No. A 088 015 332 (Immigr. Ct. N.Y.C. Apr. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, and because the BIA based its affirmance only on the IJ's adverse credibility determination, our review is limited

---

[1] The BIA considered only withholding of removal because we previously remanded the case only as to withholding of removal, finding that we lacked jurisdiction to review Ali's unexhausted challenges to the denial of asylum and relief under the Convention Against Torture. *See Ali v. Holder*, 595 F. App'x 64, 66–67 (2d Cir. 2015) (summary order).

to that issue. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of fact as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). The IJ may, "[c]onsidering the totality of the circumstances" base a credibility finding on inconsistencies in an applicant's statements or between his statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also* 8 U.S.C. § 1231(b)(3)(C) (incorporating § 1158(b)(1)(B)(iii), which governs asylum claims, into the standard for withholding of removal claims). "We defer . . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the

3

adverse credibility determination.

The agency reasonably relied on inconsistencies regarding Ali's identity, his entry date, and the year of an alleged arrest. The record supports the agency's finding that Ali failed to establish his identity because he presented three birth certificates, one with the name "Noor Ali Sumon," and two with "Mohammed Noor Ali," but he did not provide an authenticated birth certificate to resolve the issue, and he offered various contradictory explanations for the inconsistent documents. *See Majidi v. Gonzalez*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The record also supports the agency's finding of inconsistencies relating to Ali's date of entry to the United States and the date of an arrest in Bangladesh. Ali admitted the allegation in the notice to appear that he entered in January 2004, but testified to entering the United States in April or December 2005. The agency reasonably relied on this

4

inconsistency, which calls into question whether Ali was in Bangladesh at the time of the alleged incidents of persecution. For example, he testified that he was arrested in Bangladesh in May 2004. Ali did not resolve this inconsistency with corroborating evidence, either at his first hearing or on remand. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (holding that the applicant "bears the ultimate burden" to submit corroborating evidence "without prompting from the IJ"). Moreover, some of his written statements and corroborating letters inconsistently identified this arrest as occurring a year earlier, in May 2003.

Taken together, these inconsistencies provide substantial evidence for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 166–67.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court